UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KRISTY SAPP, ET AL., Plaintiffs | CIVIL ACTION NO. 1:16-CV-00354 |
| VERSUS | CHIEF JUDGE DRELL |
| NATIONAL CASUALTY CO., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 8) filed by Plaintiff Kristy Sapp, individually and on behalf of her minor children ("Sapp"). Sapp alleges that the amount in controversy does not exceed $75,000. Defendants did not oppose the Motion. Defendants failed to carry their burden of establishing that Plaintiffs' damages, more likely than not, exceed $75,000. Remand is therefore warranted.

I. **Background**

Sapp filed this lawsuit in the Eighth Judicial District Court in Winn Parish, Louisiana. Sapp alleges that she and her three minor children were involved in a car crash with Defendant Undra Fredel Weaver ("Weaver"). According to Sapp, Weaver was driving a tractor trailer, and was solely at fault in the crash. Sapp alleges she and each of her children suffered various physical and emotional injuries in the crash. Sapp seeks damages for pain and suffering, loss of enjoyment of life, disability and loss of use of physical function, and medical expenses for herself and her children. She also seeks damages for lost earnings and earning capacity for herself.

Defendants removed, alleging that: (1) the parties are completely diverse; and (2) "while defendants have no way of knowing the exact monetary value of these damages that are claimed, it seems, more likely than not, that the amount 'in controversy' is greater than $75,000.00." (Doc. 1, p. 6).

## II. Law and Analysis

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. See La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone,

or by submitting summary-judgment-type evidence." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015).

Critically, "[t]he required "demonstration concerns what the plaintiff is claiming . . ., not whether the plaintiff is likely to win or be awarded everything he seeks." Id. (quoting Berniard v. Dow Chem. Co., 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish, to a "legal certainty," that damages do not exceed $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995).

Defendants do not allege that the jurisdictional threshold is "facially apparent" from Sapp's Petition. Therefore, Defendants must "must produce evidence . . . that the actual amount in controversy exceeds" $75,000. De Aguilar, 47 F.3d at 1412.

In the Notice of Removal, Defendants offered only a vague reference to the damages sought in the Petition, and stated that it "seems, more likely than not" that the Court's jurisdictional threshold is satisfied. All four Plaintiffs do seek various categories of special and general damages. But Plaintiffs' recitation of these standard damages categories, without more, is insufficient to establish diversity jurisdiction. See Wilson v. Hochheim Prairie Cas. Ins. Co., 13-CV-3125, 2014 WL 508520, at *1 (W.D. La. Feb. 6, 2014) ("A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories."). Defendants offer nothing more to carry their burden of establishing diversity jurisdiction.

Sapp argues (without evidence) that medical expenses for all Plaintiffs were less than $3,473.12 when she filed the Motion to Remand. Defendants submitted no medical evidence to the contrary. Absent evidence, the Court can give little weight to the medical expenses at issue. The Court concludes only that there is no evidence that Plaintiffs' medical expenses total anything near $75,000.

Sapp further submits a Stipulation (Doc. 8-3) and Affidavit (Doc. 8-4) stating that Plaintiffs' damages do and will not exceed $75,000, and Plaintiffs will not seek to execute an award which exceeds $75,000. These documents were not filed before removal, and do not clarify any factual ambiguities in the Petition. Accordingly, the Stipulation and Affidavit cannot alone divest the Court of jurisdiction. See Gebbia, 233 F.3d at 883; accord Griffin v. Georgia Gulf Lake Charles, LLC, 562 F.Supp.2d 775, 780 (W.D. La. 2008) ("The Fifth Circuit allows plaintiffs to clarify ambiguity in their petition with after-filed affidavits, however a timely but inadequate stipulation cannot be effectively revised, after removal, by such an affidavit.").

They do, however, indicate Plaintiffs' firm position that damages will not exceed $75,000. In other words, Plaintiffs have at least adequately raised the issue of jurisdiction. In response, Defendants have failed to carry their burden of establishing that the Court's jurisdictional threshold is satisfied.

III. Conclusion

Because Defendants have filed to establish, by a preponderance of the evidence, that at least $75,000 is at issue, remand is warranted. Accordingly,

IT IS HEREBY RECOMMENDED that the Motion to Remand (Doc. 8) filed by Plaintiff Kristy Sapp, individually and on behalf of her minor children, be GRANTED, and that this lawsuit be REMANDED to the Eighth Judicial District Court for the Parish of Winn, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge